UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ba Hung Nguyen,<br><br>    Petitioner,<br>v.<br><br>Julio Caravia, Director, Boston Logan Airport Port of Entry, Customs and Border Protection; John Doe, Director, Boston Field Office, U.S. Customs and Border Protection; Patricia Hyde, Director, Boston Field Office, U.S. Immigration and Customs Enforcement; Antone Moniz, Superintendent, Plymouth County Correctional Facility; Pam Bondi, Attorney General of the United States; Kristi Noem, Secretary of Homeland Security, in their official capacities,<br><br>    Respondents. | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**Case No: 25-10661**<br><br>**ORAL ARGUMENT REQUESTED** |

**INTRODUCTION**

1.  Ba Hung Nguyen is a conditional lawful permanent resident of the United States. He immigrated to the United States nearly a decade ago with his family on an EB-5 immigrant visa, and has been residing in the United States since that time.

2.  Mr. Nguyen is now a first-year student at Harvard Business School, where he is pursuing an MBA degree. He currently resides with his U.S.-citizen fiancée in Boston.

3.  At 10:31pm on the evening of March 19, 2025, Mr. Nguyen landed at Boston Logan International Airport on American Airlines flight number 6982, after a one-week trip to Europe.

4.  He was subsequently detained by U.S. immigration authorities, and remains in immigration detention, despite his possession of a valid I-551 stamp evidencing his status as a lawful permanent resident entitled to entry to the United States.

1

5.     As set forth below, Mr. Nguyen's detention is without basis in law. Accordingly, to vindicate Mr. Nguyen's statutory and regulatory rights as a lawful permanent resident, the Court should grant this petition for a writ of habeas corpus and order Mr. Nguyen's release.

## JURISDICTION

6.     This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

7.     This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

8.     This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## REQUIREMENTS OF 28 U.S.C. § 2243

9.     The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

10.    Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

## PARTIES

11. Petitioner Ba Hung Nguyen is a conditional lawful permanent resident of the United States. Upon information and belief, he is currently detained by either Customs and Border Protection ("CBP") or Immigration and Customs Enforcement ("ICE") at Boston Logan International Airport, or the Plymouth County Correctional Facility, and is therefore under the direct control of Respondents and their agents.

12. Respondent Julio Caravia is sued in his official capacity as the Director of the Boston Logan Airport Port of Entry, Customs and Border Protection. To the extent that Petitioner is detained by CBP at the Logan Airport Port of Entry, Director Caravia is Petitioner's custodian.

13. Respondent John Doe is sued in his or her official capacity as the Director of CBP's Boston Field Office. He or she is named pseudonymously because his or her identity is not publicly available. To the extent that Petitioner is detained by CBP's Boston Field Office, Respondent Doe is Petitioner's custodian.

14. Respondent Patricia Hyde is sued in her official capacity as the Director of Immigration and Customs Enforcement's Boston Field Office. To the extent Petitioner has been transferred to ICE custody, Director Hyde is Petitioner's custodian.

15. Respondent Antone Moniz is sued in his official capacity as the Superintendent of Plymouth County Correctional Facility—the nearest facility to Boston Logan International Airport that houses noncitizens detained by Immigration and Customs Enforcement. To the extent that Petitioner is detained by ICE at the Plymouth County Correctional Facility, Superintendent Moniz is Petitioner's custodian.

16. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for

the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection, the component agencies responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner.

17. Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals. Respondent Bondi is a legal custodian of Petitioner.

## STATEMENT OF FACTS

### Legal Background

18. Under EB-5 Immigrant Investor Program, foreign investors and their dependents may obtain lawful permanent residency ("green card" status) in the United States based on a substantial investment in a new U.S. business that creates jobs for U.S. workers. *See* 8 U.S.C. § 1153(b)(5).

19. If an investor's initial EB-5 visa petition is approved, the investor and his or her dependents obtain EB-5 visas, and are admitted to the United States as lawful permanent residents on a conditional basis. *See* 8 U.S.C. § 1186b.

20. While this initial period of lawful permanent residency is "conditional," all "the rights, privileges, responsibilities, and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents, including but not limited to . . . the privilege of residing permanently in the United States as an immigrant." 8 C.F.R. § 216.1.

21. Lawful permanent residency includes the right to travel and reenter the United States without being considered an applicant for admission under U.S. immigration law. *See* 8 U.S.C. § 1101(a)(13)(C).

22. Within the 90-day period of the two-year anniversary of admission to the United States, an EB-5 investor must file a Form I-829 petition to remove the conditions on his or her lawful permanent residency. *See* 8 U.S.C. § 1186b(d); 8 C.F.R. § 216.6. That petition may include any children who have EB-5 status as a derivative dependent.

23. I-829 petitions are adjudicated in the first instance by United States Citizenship and Immigration Services ("USCIS"). 8 C.F.R. § 216.6.

24. If USCIS denies an I-829 petition, the decision is not the Executive Branch's final word on the investor's eligibility; rather, EB-5 investors and their dependents may renew a denied I-829 petition in removal proceedings. *See* 8 U.S.C. § 1186b(c)(2)(D); 8 C.F.R. § 216.6(d)(2).

25. Under long-established precedent, a person's lawful permanent resident status terminates only with the entry of an administratively final order of removal. *See Matter of Lok*, 18 I. & N. Dec. 101, 106–07 (BIA 1981).

26. Thus, under USCIS's official policy, an investor or dependent included on a Form I-829 petition is entitled to evidence of lawful permanent resident status in the form of a temporary I-551 stamp "until an order of removal becomes administratively final." *See* 6 USCIS Policy Manual, Pt. G, Chap. 7, § D, *available at* https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-7.

27. To have a final administrative order of removal, an investor or dependent must be issued a Notice to Appear, and have an immigration judge enter a final order of removal that is not appealed, or if appealed, a final decision by the Board of Immigration Appeals.

28.     Therefore, an investor (or dependent) with a denied I-829 petition, who has not been placed in removal proceedings and does not have a final administrative order of removal, is entitled to travel and return to the United States *as a lawful permanent resident* notwithstanding the denial of the I-829 petition.

### Factual Background

29.     Petitioner Ba Hung Nguyen is a 27-year-old citizen of Vietnam.

30.     He obtained conditional lawful permanent resident status in the United States on August 26, 2016, based on an EB-5 investment made by his mother, Hai Thi Le Tran.

31.     On or about August 26, 2016, Mr. Nguyen's mother timely filed her Form I-829 petition, which included Mr. Nguyen as a dependent. The I-829 petition was assigned receipt number WAC1819951159.

32.     On April 25, 2024, USCIS denied the I-829 petition. The petition was denied not for anything that Petitioner's family did wrong, but rather on the basis that the project developer (a person wholly unaffiliated with Petitioner or his family) did not properly deploy the investment funds, and that the economic methodology presented to estimate the project's job-creation impacts had several defects.

33.     Through counsel, Petitioner's mother—the EB-5 investor—timely filed a motion to reconsider the denial of the I-829 petition, which was assigned receipt number IOE0926031148. The motion to reconsider remains pending with USCIS.

34.     Despite the I-829 denial, Petitioner has never been placed in removal proceedings, as evidenced by the fact that no case information appears under his "alien registration number" in the Executive Office for Immigration Review's online case status system. *See* **Exhibit B**.

35. Petitioner has a valid I-551 stamp in his passport, issued on January 30, 2025, evidencing his lawful permanent resident status. *See* **Exhibit A**. The stamp is valid through July 29, 2025.

36. Petitioner is currently a first-year MBA student at Harvard Business School. *See* **Exhibit C**.

37. Petitioner currently resides in Boston, with his U.S.-citizen fiancée, Storey Stetson Schifter.

38. On or about March 13, 2025, Petitioner traveled to Europe where he went on a ski trip with his business school friends.

39. On the evening of March 19, 2025, Petitioner boarded American Airlines flight 6982 from Heathrow Airport in London. His flight landed at Boston Logan International Airport at 10:31pm that same night.

40. In the early morning hours of March 20, 2025, a CBP officer called Petitioner's U.S.-citizen fiancée to inform her that Petitioner was being refused entry.

41. Apart from this one contact by a CBP officer, Petitioner's family has received no information about Petitioner's whereabouts or status since his flight landed in Boston last night.

42. Upon information and belief, Petitioner has been refused entry to the United States and subjected to detention, despite his holding a temporary I-551 stamp evidencing his lawful permanent resident status.

43. Petitioner's counsel has made numerous attempts to determine the detention status of Petitioner, but all such efforts have failed.

44. Upon information and belief, however, Petitioner remains in the custody of Customs and Border Protection at the Logan International Airport Port of Entry.

45. In the alternative, upon information and belief, Petitioner has been transferred to the custody of Immigration and Customs Enforcement ("ICE").

46. The nearest detention facility that houses detainees in ICE custody is Plymouth County Correctional Facility.

## CLAIMS FOR RELIEF
## COUNT ONE
### Violation of the Immigration and Nationality Act and Implementing Regulations

47. Plaintiffs incorporate paragraphs 1 to 46 as if fully stated herein.

48. Under governing immigration law, Petitioner is entitled to entry to the United States on his valid I-551 stamp, which serves as evidence of his lawful permanent resident status.

49. Conditional residents maintain all "the rights, privileges, responsibilities, and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents, including but not limited to . . . the privilege of residing permanently in the United States as an immigrant." 8 C.F.R. § 216.1.

50. As a lawful permanent resident, Petitioner is entitled to reenter the United States without being treated as an applicant for admission. *See* 8 U.S.C. § 1101(a)(13)(C).

51. Petitioner was therefore unlawfully refused entry to the United States, and is being unlawfully detained, despite presenting a valid I-551 stamp evidencing his lawful permanent resident status.

## COUNT TWO
### Violation of Due Process

52. Plaintiffs incorporate paragraphs 1 to 51 as if fully stated herein.

53. As a lawful permanent resident seeking entry to the United States after a brief, casual, and innocent trip abroad, Petitioner's lawful permanent residency was not meaningfully interrupted. *See Rosenberg v. Fleuti*, 374 U.S. 449 (1963).

54. Petitioner maintains a due process right to be permitted entry without being considered an applicant for admission.

55. By denying Petitioner reentry to the United States despite the brief, casual, and innocent nature of his one-week trip abroad, and by detaining him without the ability to contact his family or counsel, Respondents are denying Petitioner his constitutional right to due process.

## RELIEF REQUESTED

**WHEREFORE,** Petitioner respectfully requests this Court to grant the following:

a. Assume jurisdiction over this matter.

b. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

c. Declare that Petitioner's detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

d. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

e. Enjoin Petitioner's removal from the United States pending a final decision on this habeas action.

f. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law.

g. Grant such other relief as this Court may deem just and proper.

Dated: March 20, 2025

Respectfully submitted,

/s/ Gregory Romanovsky
Gregory Romanovsky, Esq. (BBO# 647569)
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
T: 917-787-0000
F: 617-977-9770
E: gr@romanovskylaw.com

John P. Pratt
(application for admission *pro hac vice* forthcoming)
jpratt@kktplaw.com

Edward F. Ramos
(application for admission *pro hac vice* forthcoming)
eramos@kktplaw.com

KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3500

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Hung Ba Nguyen, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 20th day of March, 2025.

/s/Edward F. Ramos
Edward F. Ramos
KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3500